Mark C. H. Mandell
42 Herman Thau Road
Annandale, NJ 08801
908-638-4434

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**                    **ECF Case**
-------------------------------------------------X

| | | |
|---|---|---|
| **NORTHEAST TRADING, INC.** | : | **Case No.  07 cv 9563** |
| | : | **Judge SAND** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **COMPLAINT** |
| | : | |
| **N&S TROPICAL PRODUCE, INC.,** | : | |
| **and KOOK JIN NAM,** | : | |
| | : | |
| **Defendants.** | : | |

-------------------------------------------------X

Plaintiff, by its undersigned attorney, complaining of Defendants alleges:

### JURISDICTION AND VENUE

1.     This court has jurisdiction of this case pursuant to Section 5 of the

Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499e]

("PACA") and pursuant to 28 U.S.C. §§ 1331 and 1337.  Venue is proper pursuant to 28

U.S.C. § 1391(b).

2.     Plaintiff is now and at all material times was a corporation organized and

doing business under the laws of New Jersey, with its principal place of business in

Kenilworth, NJ is a dealer of perishable agricultural commodities in interstate and

international commerce and is licensed by the United States Department of Agriculture

under the PACA.

3.     Plaintiff is informed and believes and thereon alleges that at all relevant times Defendant N&S Tropical Produce, Inc ["N&S"].  was and is a corporation licensed under the PACA as a dealer or commission merchant under license No.  20070365 issued January 29, 2007, with its principal and only place of business located in this District  at 1271 Ryawa Ave., Bronx, NY

4.     Plaintiff is further informed and believes and alleges that Kook Jin Nam ("Nam") was an individual resident in New York, was and is the sole officer, director, and stockholder of, and the person in operative control of the corporate defendant.

## COUNT I

(Breach of Contract )

5.     Plaintiff realleges and incorporates by reference paragraphs 1. through 4., inclusive, of this Complaint, as though fully set forth in this paragraph.

6.     Between June 21, 2007 and July 20, 2007 in a series of transactions, Plaintiff sold, shipped and delivered to N&S fresh perishable agricultural commodities as agreed between Plaintiff and Nam.  N&S, however, has not paid the agreed price for these commodities leaving a balance of $81,841.65.  True and correct copies of the invoices for these sales are attached hereto as Exhibit A together with delivery receipts for each shipment.

7.     At or about the date of each of the transactions described above, Plaintiff forwarded to N&S invoices for each transaction that set forth in detail the amounts owed by N&S for the settled net prices for the produce purchased and accepted.

2

8.    Beginning with the due date for payment following each delivery of the various shipments, Plaintiff has repeatedly demanded that N&S pay the sums due and owing under the invoices.  N&S has failed and refused to pay such invoices except for tendering its check No. 3028 on July 27, 2007 which check was returned to Plaintiff for insufficient funds in the Defendants' accounts.

9.    Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for the sale of the produce to N&S, and all prices were set and agreed upon after the commodities were inspected and accepted by N&S.

10.    As a direct and proximate result of its breach of its contractual and statutory obligations to Plaintiff by Defendant N&S  Plaintiff has suffered losses in the amount of $81,841.65 plus interest at the rate of 18% per annum.

## COUNT II
(Statutory Trust)

11.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1. through 10., inclusive of this Complaint as though fully set forth herein.

12.    At all times relevant Plaintiff was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

13.    The perishable agricultural commodities that are the subject of the Count I were purchased and sold in or in contemplation of interstate and/or foreign commerce between New Jersey and other states or countries of origin and New York.

3

14.     Plaintiff is a licensee under PACA.  Pursuant to the regulations promulgated under PACA, Plaintiff placed the following legend on each invoice which was sent to Defendants:

"The perishable agricultural commodities listed on this invoice are subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

13.     Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA, upon delivery of its invoices by Plaintiff to Defendant N&S, Plaintiff preserved its status as a beneficiary of a floating, non-segregated statutory trust comprised of all of  perishable agricultural commodities received by Defendants in all transactions, an any receivables or proceeds from the sale of perishable agricultural commodities or products and all assets derived by Defendants from such commodities.

14.     Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff has performed and fulfilled all duties required to preserve its PACA trust benefits in the total amount of $81,841.65 plus interest, in all PACA Trust assets under the control of or in the possession of Defendants.

4

15.     Pursuant to the PACA, Defendants are the statutory trustees of the PACA Trust assets in their possession or under their control.  The PACA Trust requires the Defendants to hold and preserve all goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff.  Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the Trust assets in their possession and control, and have failed to keep them available to satisfy Defendants' obligations to Plaintiff, all in violation of section 499(b)(4) of the PACA and the regulations enforcing the PACA trust provisions, 7 C.F.R. §46.46.

16.     Defendants have failed to perform the requirements of said Statutory Trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of section 499(b)(4) of the PACA and the regulations enforcing the PACA trust provisions, express and implied.

17.     Plaintiff is informed and believes and upon that basis alleges that during all relevant times, Defendants transferred or diverted the PACA Trust assets and are continuing to transfer or divert trust assets, including receivables or proceeds derived from the sale of produce purchased from Plaintiff and others, to their own use and/or have illegally transferred to an unknown third party or parties in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff.  [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to Plaintiff's interest in all inventories of products derived from perishable agricultural

commodities and in any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

18.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff Borders has suffered the cumulative loss of $81,841.65 plus interest together with Plaintiff's attorney's fees and costs incurred in connection with this action, all of which qualifies for protection under the PACA trust.

## COUNT III
### (Failure to Account and Pay Promptly)

19.    Plaintiff Borders realleges and incorporates by reference paragraphs 1. through 18., inclusive, of this Complaint as though fully set forth herein.

20.    Plaintiff has repeatedly demanded that Defendants pay the $81,841.65 past due for the produce sold and delivered to Defendants as described above.  Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of the commodities sold and delivered to them by Plaintiff.  Therefore, Defendants have failed to perform the requirements of the contracts of sale, express and implied, have breached their statutory duties to account and pay for the produce, and have diverted PACA trust assets to third parties, all in violation of the PACA, 7 U.S.C. § 499e *et.seq*., and the regulations enforcing the PACA.

21.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff Borders has suffered the cumulative loss of $81,841.65, plus interest.

## COUNT IV
### (For Declaratory Relief – All Defendants)

22.     Plaintiff realleges and incorporates by reference paragraphs 1. through 21., inclusive, of this Complaint as though fully set forth herein.

23.     An actual controversy has arisen and now exists relating to the rights and duties of the Defendants and Plaintiff because Plaintiff contends that the PACA trust requires the Defendants to preserve and immediately surrender to Plaintiff the trust assets for the benefit of Plaintiff until it is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions and/or Plaintiff's priority interest in the PACA trust assets.

24.     Plaintiff seeks an Order of this Court declaring that Plaintiff's PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants' operations or any and all other assets acquired by Defendants with the proceeds of produce.

25.     Further, Plaintiff is informed and so believes and alleges that Defendants have used portions of the PACA Trust res in their custody for reasons and uses other than making full payment promptly to Plaintiff as required by the PACA, and Plaintiff therefor seeks a judgment declaring and imposing a constructive and/or substituted trust upon any and all assets and property into or with which Defendants have commingled portions of the PACA Trust res in their custody.

## COUNT V

(Individual Fiduciary)

26.     Plaintiff realleges and incorporates by reference paragraphs 1. through 25., inclusive, of this Complaint as though fully set forth herein.

27.     At all times herein relevant, Defendant Nam was the sole officer, director, and stockholder of the corporate Defendant, and exercised exclusive control over the corporate Defendant, its assets, the assets it held, and its payment practices.

28.     That by his own admission to Plaintiff's representative and to a others, Defendant Nam has stated that he and the corporate defendant hold PACA trust assets which belong to Plaintiff, but that Defendant N&S is presently unable to pay Plaintiff promptly or in full for the commodities Defendants ordered, received, and accepted.

29.     As co-fiduciaries under the PACA trust, Defendants N&S and Nam have failed to conduct their business in proper manner, have failed to preserve the PACA Trust res in accordance with law and their obligations as trustees, and therefore have either converted trust assets to their own use or have dissipated or transferred such assets to others in violation of their fiduciary duties to Plaintiff.

30.     As a direct and proximate cause and result of Defendants defalcations and violations of their fiduciary duties to Plaintiff as beneficiary of the PACA Trust res held by Defendants, Plaintiff has suffered the cumulative loss of $81,841.65, plus interest, and Defendants are jointly, severally, and individually liable to Plaintiff for all damages and costs incurred by Plaintiff in this action, including Plaintiff's attorneys fees and costs incurred in this action.

8

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

a)     On account of the damages incurred by Plaintiff for none payment of its produce invoices, for the sum of $81,841.65, plus interest together with such other and further relief as the Court may deem just and proper.

b)     Ordering the named Defendants to immediately pay Plaintiff for the entire outstanding debt of $81,841.65, plus interest.

c)     For an Order declaring that Plaintiff is a duly preserved beneficiary of the PACA Trust with a priority claim upon and right to immediate payment from any and all assets held by or for Defendants.

d)     Declaring that the PACA trust assets and funds in Defendants' possession never became the property of Defendants;

e)     For specific enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the sum of $81,841.65, plus interest;

f)     For such other and further relief as the Court may deem just, proper, and necessary to effectuate and enforce Plaintiff's rights and just claims, including Plaintiff's attorney's fees and costs in this action and any further means needed to collect full payment for Plaintiff's produce.

Dated:  October 25, 2007

S/
_____
Mark C.H. Mandell [mm-5708]
42 Herman Thau Road
Annandale, NJ 08801
908-638-4434